# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| LIPPERT COMPONENTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> APEX CUSTOM FURNITURE, LLC, <br><br> Defendant. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lippert Components, Inc. ("Lippert") brings this action for patent infringement against Defendant Apex Custom Furniture, LLC ("Apex"), and alleges as follows:

## NATURE OF ACTION

1. This is a civil action for patent infringement arising under the laws of the United States, 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

## THE PARTIES

2. Plaintiff Lippert Components, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3501 County Road 6 East, Elkhart, Indiana 46514, United States.

3. On information and belief, Defendant Apex Custom Furniture, LLC is a corporation organized and existing under the laws of the State of Tennessee, having a principal place of business at 1012 Everett Road, Knoxville, TN 37932, United States.

-1-

4. On information and belief, Apex develops, manufactures, imports, offers for sale, and/or sells products including sofas, chairs, and seating systems designed for motorhomes and recreational vehicles, to consumers in the United States, including in the State of Tennessee.

## JURISDICTION AND VENUE

5. Lippert realleges and incorporates by reference, as if fully set forth herein, all of its foregoing allegations and assertions.

6. This is an action for patent infringement, arising under the laws of the United States, Title 35 of the United States Code. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Apex because, on information and belief, Apex is a limited liability company formed in Tennessee and has its principal place of business in this district. Further, on information and belief, Apex conducted and does regularly conduct business within the State of Tennessee, including this district, by designing, manufacturing, distributing, promoting, marketing, selling, and offering for sale its Accused Product (as defined below). On information and belief, Apex has derived revenue from such activities and sought the protection and benefit from the laws of the State of Tennessee by placing the Accused Product (as defined below) into the stream of commerce with the awareness and/or intent that they will be purchased by consumers in this district.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

9. Lippert realleges and incorporates by reference, as if fully set forth herein, all of its foregoing allegations and assertions.

## The Asserted Patent

10. Lippert is a leading innovator in a variety of industries, including commercial vehicles, equestrian and cargo trailers, marine products, residential and building fixtures, and recreational vehicles. For example, in the recreational vehicle space, Lippert markets a wide range of innovative products ranging from stowable entrance steps, loft beds, faucets, and sofa/beds to jacks, pumps, leveling systems, and other camper accessories.

11. In or around early 2012, Lippert recognized a need in the field for comfortable, compact, stowable, and easily maneuverable sofa/beds. To fill this need, Lippert employees Ryan Smith and Jeremy Seniff conceived of and reduced to practice a tri-fold sofa design, which is disclosed in U.S. Provisional Application No. 61/592,204 (the "'204 Application"), filed on January 30, 2012.

12. Lippert subsequently filed several applications claiming priority to the '204 Application, including applications that matured into the Asserted Patent at issue in this proceeding.

13. To that end, Lippert is the current owner by assignment of the entire right, title, and interest in and to U.S. Patent No. 9,173,502 (the "'502 Patent" or the "Asserted Patent") entitled "Tri-Fold Sofa." The '502 patent was duly and legally issued to inventors Ryan Smith and Jeremy Seniff on November 3, 2015. A true and accurate copy of the '502 Patent is attached hereto as **Exhibit A**.

14. The '502 Patent is valid and enforceable and was duly issued in full compliance with Title 35 of the United State Code.

15. The Asserted Patent is directed to a convertible sofa system. The core innovation lies in a tri-fold sofa frame that can be deployed between a sofa orientation and a bed orientation, optimizing space and functionality in compact RV interiors.



*See* Ex. A, Figs 6, 8.

16. Lippert sells and has sold tri-fold sofa products (the "Lippert Products")—under the Thomas Payne® brand, for example—that embody the innovative designs protected by the Asserted Patent, and Lippert has complied with 35 U.S.C. § 287 by properly marking the Lippert Products with the Asserted Patent.

17. On such is example is shown below:



*Lippert's Thomas Payne® Collection RV Tri-Fold Sofa, 72"*

## The Accused Products

18. Upon information and belief, Apex designs, manufactures, imports, offers to sell, and sells sofa products in the United States, including at least the Apex Tri-fold Sofa (the "Accused Product").

19. Upon information and belief, the Accused Product is a convertible sofa that transitions between a sofa orientation and a bed orientation. It includes structural and functional components such as a seating base, a pivotable mid-section, a pivotable seat section, and a pivotable seat back section, among other features.

20. Upon information and belief, the Accused Product is marketed and sold by Apex in the United States, including within this judicial district, through its website, authorized retailers, distributors, dealers, and online sales platforms.

21. A representative image of the Accused Product is shown below, along with identifying information:

 

*Apex's "GGG570-WBS #685039 SOFA 70" Trifold Walnut Shiitake 9/25 MFD"*

22. As detailed below, the Accused Product is designed to and does operate in a manner that falls within the scope of one or more claims of the Asserted Patent.

7758620.3

23. The term "Accused Products" as used in this Complaint includes any and all sofas, sleeper sofas, convertible sofas, jackknife sofas, or tri-fold sofas made, used, offered for sale, sold, or imported by Apex that embody the same or substantially similar structure and operation as the representative Accused Product identified above, including any products that differ only in aesthetic appearance, size, upholstery, armrest style, cushioning, or superficial frame variations.

24. The Accused Product is a non-limiting example identified based on publicly available information. Lippert reserves the right to identify additional infringing products through discovery and further investigation, and specifically alleges that all products that perform substantially the same function in substantially the same way to achieve the same result as the patented inventions of the Asserted Patent and are Accused Products under the doctrine of equivalents.

## Apex's Knowledge, and Willful Infringement, of the Asserted Patent

25. Lippert has not licensed or otherwise authorized Apex to make, use, offer for sale, sell, or import any products covered by the Asserted Patent or any related patents owned by Lippert.

26. On March 7, 2025, Lippert sent a letter to Apex notifying Apex of Lippert's patent rights, including the '502 Patent, and identifying certain tri-fold sofa products supplied by Apex to RV manufacturers and dealers, such as products installed in Winnebago Industries' Grand Design Solitude RV models, as practicing at least one claim of the '502 Patent.

27. As a result of Lippert's March 7, 2025 correspondence, Apex received actual notice of the Asserted Patent and Lippert's position that Apex's tri-fold sofa products fell within the scope of at least one claim of the '502 Patent.

28. On June 24, 2025, Apex responded to Lippert's correspondence and represented that it would redesign its tri-fold sofa products in an effort to address Lippert's concerns regarding infringement of Lippert's patents.

29. On September 22, 2025, during the Elkhart RV Dealer Open House, Apex publicly displayed and offered for sale a tri-fold sofa product identified as "GGG570-WBS #685039 SOFA 70" Trifold Walnut Shiitake 9/25 MFD," which Lippert representatives observed and documented.

30. On October 7, 2025, Lippert sent a second letter to Apex and its counsel stating that, based on Lippert's analysis, Apex's tri-fold sofa product continued to fall within the scope of at least one claim of the '502 Patent, and further identifying potential infringement of U.S. Patent Nos. 8,739,330 and 8,984,680.

31. Despite Lippert's communications and efforts to address this dispute prior to litigation, Apex has continued to make, use, offer to sell, and/or sell tri-fold sofa products in the United States, including versions of the Accused Product.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,173,502

32. Lippert realleges and incorporates by reference, as if fully set forth herein, all of its foregoing allegations and assertions.

33. In violation of 35 U.S.C. § 271(a), Apex has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the '502 Patent by making, using, offering for sale, selling, and/or importing the Accused Products in the United States, including within this district, which Accused Products infringe at least independent claim 17 of the '502 Patent and without the authority of Lippert, at least as shown as shown and described in **Exhibit B**, which is expressly incorporated herein in its entirety.

7758620.3
Case 3:25-cv-00530-TAV-JEM   Document 1   Filed 10/30/25   Page 7 of 10   PageID #: 7

34. To the extent Apex manufactures, uses, sells, offers to sell, or imports other tri-fold sofa products that are the same as, or not materially different from, the representative product in ways relevant to the infringement analysis, such products likewise infringe the '502 Patent for the reasons shown in Exhibit B.

35. In violation of 35 U.S.C. § 271(b), Apex has indirectly infringed the '502 Patent by actively inducing and continues to induce one or more "Third Parties" (e.g., third-party manufacturers, distributors, importers, retailers, agents, and/or contractors) to directly infringe at least claim 17 of the '502 Patent by, for example, distributing or making available to such Third Parties instructions or manuals for manufacturing the Accused Products, and/or providing technical support for doing the same. On information and belief, Apex does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least claim 17 of the '502 Patent. Apex's conduct is intended to cause infringement by these Third Parties.

36. With knowledge of the '502 Patent, as described above, Apex has contributorily infringed at least claim 17 of the '502 Patent by, for example, selling or offering to sell a material or apparatus that is a component for use in practicing at least claim 17 of the '502 Patent. On information and belief, Apex does so with knowledge that the component was especially made or adapted for use in a manner that would infringe at least claim 17 of the '502 Patent when Apex sold, offered to sell, or imported the component. On information and belief, these components are not staple articles of commerce capable of substantial noninfringing uses.

37. Apex had actual notice that it was infringing the '502 Patent as of March 7, 2025, yet continues to knowingly, willfully, and deliberately infringe the patent. As such, Lippert is entitled to enhanced damages pursuant to 35 U.S.C. § 284. Further, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

38. Lippert has and continues to suffer damages as a result of Apex's direct infringement in an amount to be proven at trial.

39. Apex's acts of infringement have deprived and will continue to deprive Lippert of sales, profits, and other related revenue that Lippert would have made or would enjoy in the future; has injured Lippert in other respects; and will continue to cause Lippert added injury and irreparable harm unless and until this Court enters an injunction prohibiting further infringement, and specifically enjoins Apex's infringement.

40. Lippert is entitled to recover damages adequate to compensate for Apex's infringement, including but not limited to, lost profits, a reasonable royalty, including a reasonable royalty pursuant to 35 U.S.C. § 154(d), treble damages, pre and post judgment interest at the maximum allowable rate, costs, attorneys' fees, and other such relief this Court deems proper.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Lippert respectfully requests that the Court enter judgment in its favor and against Apex, and provide Lippert the following relief:

A. Order, adjudge, and decree that U.S. Patent 9,173,502 is valid, enforceable, and infringed by Apex;

B. Enter a preliminary and permanent injunction against Apex enjoining it, its directors, officers, agents, employees, successors, subsidiaries, assignees, and all persons acting in privity or in concert or participation with Apex from making, using, selling, or offering for sale in the United States any and all products and/or services embodying the patented inventions claimed in the Asserted Patent;

C. Award Lippert its damages for patent infringement pursuant to 35 U.S.C. §§ 284 and 154(d), and pre and post judgment interest as allowed by law;

D.  Order, adjudge, and decree that Apex's infringement of the Asserted Patent has been deliberate and willful, and award Lippert treble damages under 35 U.S.C. § 284;

E.  Find that this case is "exceptional" under 35 U.S.C. § 285, and award Lippert its costs and reasonable attorney's fees as provided in 35 U.S.C. § 285;

F.  That Lippert be granted prejudgment and post-judgment interest, and;

G.  Award such other and further relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lippert hereby respectfully requests a jury trial on all the issues in this action so triable of right by a jury.

Dated: October 30, 2025

Respectfully submitted,

/s/ *Cheryl G. Rice*
Cheryl G. Rice (TN Bar No. 021145)
EGERTON, MCAFEE, ARMISTEAD & DAVIS, P.C.
900 S. Gay Street, Suite 1400
Knoxville, TN 37902
(865) 546-0500
CRice@emlaw.com

Jared B. Briant (*pro hac vice forthcoming*)
FAEGRE DRINKER BIDDLE & REATH, LLP
1144 15th Street, Suite 3400
Denver, CO 80202
(303) 607-3500
jared.briant@faegredrinker.com

Andrea I. Savageau (*pro hac vice forthcoming*)
FAEGRE DRINKER BIDDLE & REATH, LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
(612) 766-7000
andrea.savageau@faegredrinker.com

*Attorneys for Lippert Components, Inc.*